UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOWERY GRAY AND DEBORAH GRAY, )
                              )
          Plaintiffs,         )
                              )
     vs.                      )     No. 4:05-CV-1852 (CEJ)
                              )
COTTRELL, INC.,               )
                              )
          Defendant.          )

## ORDER

This matter is before the Court on plaintiffs' motion to compel non-party Jack Cooper Transport (Cooper Transport) to produce documents in compliance with a subpoena duces tecum. Cooper Transport has filed a cross motion to quash the subpoena.

Plaintiff Lowery Gray, a car hauler employed by Cooper Transport, alleges that he was injured on June 26, 2003, while operating a rear-loading skid on a rig manufactured by defendant Cottrell, Inc. He asserts claims of negligence, strict liability, and breach of implied warranty against the defendant; plaintiff Deborah Gray asserts a claim for loss of consortium. On April 25, 2006, plaintiffs served upon Cooper Transport a subpoena to produce a corporate representative for deposition and numerous documents. Cooper Transport objected to two categories of requested documents on the ground that the demands were unduly burdensome and sought production of documents not relevant to resolution of plaintiffs' claims.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### Discussion

Parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. However, "even if relevant, discovery is not permitted where no need is shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Id. at 927 (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)).

Item 1 of plaintiffs' subpoena calls for production of a list of fleet numbers and manufacturers' names for all trailers in Cooper Transport's fleet since January 1, 1998. In opposition, Cooper Transport states that it maintains more than 1,000 rigs at twelve terminals in eight states. Item 2 seeks copies of all reports of driver injuries arising from use of rear skid systems since January 1, 1998. When an injury does not result in lost time or medical treatment, Cooper Transport completes a Supervisor's Investigative Report and Miscellaneous Report; these reports are maintained in an injury file, by year, at each terminal. In the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

event an injury requires medical treatment or results in lost work time, an additional report -- the First Report of Injury -- is completed. Copies are sent to the employer's worker's compensation provider and maintained in the driver's personnel file. Cooper Transport establishes that complying with plaintiffs' request for injury reports would require it to examine annual files at each of twelve terminals and isolate reports of injuries resulting from use of the rear skids. For those injuries resulting in lost time or medical treatment, Cooper Transport would additionally have to locate the personnel files for individual drivers and search for a copy of the associated First Report of Injury.

Plaintiffs fail to establish that the information they seek is relevant to establishing that defendant had knowledge of the alleged defect in its product. The Court additionally finds that the requests are overbroad and unduly burdensome.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [#29] is **denied**.

**IT IS FURTHER ORDERED** that the motion of Cooper Transport to quash subpoena [#35] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com