UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOWERY GRAY AND DEBORAH GRAY,   )
                                )
            Plaintiffs,         )
                                )
      vs.                       )    No. 4:05-CV-1852 (CEJ)
                                )
COTTRELL, INC.,                 )
                                )
            Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of non-party Jack Cooper Transport, Inc., (Cooper) to quash a subpoena issued by plaintiffs to its employee Lisa Vogt. Plaintiffs have filed an opposition to the motion.

Plaintiffs served a subpoena upon Ms. Vogt and asked her to produce "all records 'regarding the accident [to plaintiff], plaintiff's injuries, the accident reporting procedures for Jack Cooper transport, training and safety issues, or other issues related to the allegations of plaintiffs' complaint.' See attached Cottrell disclosure." (alteration in original).[1] Cooper objects

---

[1] In its Fed.R.Civ.P. 26(a)(1) disclosures, defendant listed Ms. Vogt as a person "likely to have discoverable information." In drafting their document request, plaintiffs simply copied defendant's narrative regarding the topics about which Ms. Vogt might have knowledge. Plaintiffs state that they did so in an effort to avoid a motion to quash. However, different standards of specificity apply to initial disclosures and document requests: Rule 26(a)(1) requires the disclosure only of "each individual likely to have discoverable information . . . identifying the subjects of the information." Rule 34(b), pursuant to which plaintiffs' document request was made, requires the requester to "set forth, either by individual item or category, the items to be inspected, and describe each with reasonable particularity." (emphasis added). Much of Cooper's motion to quash is directed to plaintiffs' failure to provide "reasonable particularity."

that the subpoena is overbroad or vague, seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and requires production of privileged documents. Cooper further asserts that in response to a subpoena *duces tecum* from defendant, it has already produced the following documents: the supervisor's report of injury, the trailer maintenance records, employee manuals, and all non-privileged workers' compensation records regarding plaintiff.

**Discussion**

Parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. However, "even if relevant, discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 935 (8th Cir. 1999), quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "Concern for the burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Id. at 927, quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998). Contrary to plaintiffs' assertion, the fact that Cooper's worker's compensation insurance

carrier has asserted a lien on any recovery does not render Cooper a non-party or alter the weight of that factor.

Plaintiffs request all documents regarding Cooper's accident reporting procedures. Cooper objects that these procedures are not relevant to plaintiffs' claims against the manufacturer for negligence, strict liability, and breach of implied warranty. Plaintiffs have not offered any argument regarding why the accident reporting procedures are relevant to their claims. The Court finds that the objection has merit and will sustain it.

Plaintiffs also request all records "regarding training and safety issues." Cooper objects that this request is vague and ambiguous. In response, plaintiffs state only that Cooper did not object when defendant asked Cooper to produce "any and all" records in fourteen defined categories.[2] Plaintiffs' response merely reiterates their contention that Cooper does not deserve non-party protection and otherwise fails to respond to Cooper's objection. The Court agrees that plaintiffs' request is vague and will sustain the objection.

Cooper complains that plaintiffs' request for "all records" regarding the accident and plaintiff's injuries would require it to produce documents covered by attorney-client, work product, and insurer-insured privileges. Clearly, Cooper will not be required

---

[2] By contrast with plaintiffs' broad request, defendant requested narrow categories of documents related to plaintiff's injury and the rig he was operating.

to produce privileged materials, but it must provide a privilege log.

In conclusion, the Court will grant Cooper's motion to quash in part and deny it in part. Cooper must produce Ms. Vogt at a mutually agreed-upon time for deposition; Ms. Vogt must bring with her those documents regarding plaintiff's accident and injuries that have not already been produced and that are not privileged. Cooper must provide a privilege log for those documents it withholds as privileged.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of non-party Jack Cooper Transport Company, Inc., to quash [Doc. #59] is **granted in part and denied in part**, as stated above.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2007.