```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

LOWERY GRAY AND DEBORAH GRAY,  )
                               )
            Plaintiffs,        )
                               )
       vs.                     )     No. 4:05-CV-1852 (CEJ)
                               )
COTTRELL, INC.,                )
                               )
            Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for attorney's fees and expenses incurred in reliance upon the report of plaintiffs' expert witness, Linda Weseman.

### I.   Background

Plaintiffs designated Linda Weseman as an expert in mechanical engineering. Ms. Weseman frequently testifies for drivers who claim they were injured as the result of alleged defects in auto-hauler rigs.[1] Among the materials she has relied upon in reaching her conclusions in these cases are conversations with Rob Boydstun, of Boydstun Metal Works. Boydstun Metal Works and defendant are competitors and are opposing parties in their own litigation. In April 2005, Ms. Weseman entered into a formal consulting agreement with Boydstun Metal Works. She is prohibited by professional and statutory duties of confidentiality from testifying about her conversations with Mr. Boydstun.

Defendant deposed Ms. Weseman in this case on July 11, 2006. At that time, Ms. Weseman refused to answer questions regarding her

---

[1]See Expert Report of Linda Weseman, Doc. # 56-11, pp. 14-23 (listing cases in which Ms. Weseman has been deposed).

conversations with Mr. Boydstun about manual skids.  Defendant subsequently filed motions to bar Ms. Weseman from testifying in both this case and in a related case, <u>Eubanks v. Cottrell, Inc.</u>, No. 4:05-CV-1361 JCH.  On November 17, 2006, U.S. District Judge Jean Hamilton ordered Ms. Weseman to answer deposition questions regarding her work as a consultant to Boydstun.[2]  On December 29, 2006, Judge Hamilton entered a further order, directing plaintiffs to produce Ms. Weseman for deposition, or show cause in writing why she could not be produced, no later than December 29, 2006.  Plaintiffs did not produce Ms. Weseman, instead filing a motion for a protective order.

On January 4, 2007, defendant renewed its motion to bar Ms. Weseman from testifying.  On January 11, 2007, the Court granted defendant's motion but offered plaintiffs the opportunity to retain a new expert.  The Court also indicated that it would consider whether plaintiffs should be required to pay defendant's expenses incurred in reliance on the Weseman report. Defendant subsequently informed the Court that its expenses amounted to approximately $44,000 and stated that it would provide a breakdown of those costs in the event that the Court ordered payment.  The Court directed defendant to submit a breakdown with sufficient detail to permit a determination of the reasonableness of defendant's fee request. The Court also noted that $44,000 "seem[ed] excessive."  Defendant

---

[2]Because Judge Hamilton granted defendant the relief it requested, the Court denied as moot defendant's motion to exclude Ms. Weseman in this case.

-2-

has now submitted a motion for attorney's fees and expenses, supported by affidavits and records, seeking $38,180.21.[3]

## II. Discussion

The Court has the inherent power to impose sanctions, including attorney's fees or other monetary or appropriate sanctions. Harlan v. Lewis, 982 F.2d 1255, 1260 (8th Cir. 1993). A court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)(internal quotations omitted), quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975). Because of their very potency, inherent powers must be exercised with restraint and discretion. Chambers, *supra* at 44. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. Id. at 44-45.

The design of auto-hauler rigs has been the subject of much litigation in the last several years, and counsel for the parties have adopted a particularly combative approach. The parties frequently challenge the qualifications of one another's experts, either by separate motion or as part of summary judgment proceedings. Indeed, defendant has been mounting Daubert

---

[3]Defendant seeks fees for the following activities: (1) review and respond to expert report (57.8 hours for $13,912.00); (2) brief summary judgment motion based on expert report (44 hours for $10,741.00); and (3) brief motions to bar, and renewed motion to strike Ms. Weseman (33.4 hours for $8,193.50). Defendant also seeks reimbursement for expert fees, travel costs, fees of the court reporters, Ms. Weseman's deposition fees, and subpoena fees, in the total amount of $10,704.21.

challenges to Ms. Weseman's testimony since at least 1999. See Ennes v. Cottrell, Inc., Case. No. 5:98CV681, Motion in limine re Linda Westerman Mars[4] [Doc. #91] (W.D. La. May 16, 1999).

Ms. Weseman's 2005 consulting arrangement with Mr. Boydstun -- and the resultant restriction on her ability to testify -- has introduced a new factor in the litigation. Nevertheless, the Court cannot find that plaintiffs acted in bad faith or vexatiously in designating Ms. Weseman or in resisting her disqualification. Indeed, other district courts have declined to bar Ms. Weseman based upon her consulting relationship with Boydstun Metal Works. Rosenburg v. Cottrell, Inc., No. 05-CV-545 (MJR), Memorandum and Order (S.D. Ill., Apr. 10, 2007); Polson v. Cottrell, Inc., No. 04-CV-882 (DRH), Memorandum and Order (S.D. Ill., Mar. 28, 2007).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for attorney fees and expenses [Doc. # 115] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend or correct order on extension of time to respond to motion for attorney fees [Doc. #124] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2007.

---

[4]Ms. Weseman was formerly known as Linda Mars.