UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOWERY GRAY AND DEBORAH GRAY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:05-CV-1852 (CEJ) |
| ) | |
| COTTRELL, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to bar plaintiffs' expert witness, Dr. Gerald Micklow. Plaintiffs have filed an opposition to the motion.

**I.  Factual Background**

Plaintiff Lowery Gray[1] filed this product liability action after he sustained an injury while operating an auto-hauling rig manufactured by defendant Cottrell, Inc. In order to load or unload vehicles from the rig, the operator manually extends two aluminum ramps, also known as skids, from the rear of the trailer. At the end of the loading or unloading process, the operator "walks" the skids back into the housing for transport. Plaintiff asserts that he was walking one of the skids back in when it "hung up" on an obstruction in the housing. He experienced sudden and intense pain in his low back for which he ultimately underwent surgery. He alleges that the rig was in a defective condition.

---

[1]Deborah Gray is also a party to this action and brings a claim for loss of consortium. For purposes of this discussion, references to the plaintiff refer to Mr. Gray.

Plaintiff retained Gerald Micklow, Ph.D., to complete a mechanical engineering analysis of the Cottrell rig. Defendant asserts that Dr. Micklow's opinions do not satisfy the requirements of Rule 702 of the Federal Rules of Evidence as established in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), because Dr. Micklow is not qualified to proffer opinions regarding the operation of manual skids and his opinions are not based on sufficient facts or data to be reliable.

II. **Discussion**

To be admissible under Federal Rule of Evidence 702,[2] expert testimony must be both reliable and relevant. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589 (1993). When assessing the reliability of expert evidence, district courts consider the following factors: (1) whether the methodology can or has been tested; (2) whether the methodology has been subjected to peer review and publication; (3) the known or potential rate of error in the methodology; and (4) the methodology's general acceptance among the scientific community. <u>Id.</u> at 593-94. This list of factors is not exclusive and the trial court has flexibility in adapting its analysis to the particular facts of

---

[2]Federal Rule of Evidence 702 states that:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

each case. Id. at 593; Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (Daubert factors apply to all expert testimony).

However, neither Rule 702 nor Daubert permits a district court to invade the province of the jury. Olson v. Ford Motor Co., 481 F.3d 619, 626 (8th Cir. 2007). A judge may not weigh conflicting expert testimony, admit the testimony that he or she personally believes, and exclude the testimony that he or she does not personally believe. Neither may the judge exclude expert testimony just because it seems doubtful or tenuous. Id. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. "Doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Miles v. General Motors Corp., 262 F.3d 720, 724 (8th Cir. 2001), quoting Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998).

### A. Dr. Micklow's opinions regarding manual force levels and task overstrain

#### 1. Qualifications

Defendant argues that Dr. Micklow is not qualified to render an opinion regarding the force levels required to operate manual skids because he did not appear to know the proper method for maneuvering a manual skid.

"Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." Carroll v. Otis Elevator Co., 896 F.2d 210, 212 (7th Cir. 1990); Torbit v. Ryder Systems, Inc., Case No. 4:00-CV-618 (JCH), order at *4 (E.D. Mo. Sept. 24, 2001). In this action, Dr. Micklow is expected to proffer the opinion that, from the perspective of mechanical engineering, the Cottrell rig is unreasonably dangerous because (1) the skids are not fully enclosed and are therefore susceptible to jamming and (2) the skids require the operators to exert manual force in order to extend and retract them. When mechanical failure causes the skids to bind or jam, the operator experiences a "task overstrain" that causes injury. The question before the Court, therefore, is whether Dr. Micklow has superior knowledge, skill, experience or education regarding the manual force levels required to operate the manual skids and the probability that excessive force levels results in a task overstrain for operators.

Upon consideration, the Court finds that Dr. Micklow is qualified to render an expert opinion in the field of mechanical engineering. He holds a bachelor's and a master's degree in aerospace engineering, and a doctorate in mechanical engineering. He has been a professor of mechanical engineering since 1988, and is presently a tenured professor in the engineering department of East Carolina University. He is also the director of that institution's new department of technology and computing and is

helping to develop the program's biomedical and biomechanical engineering classes. He has extensively studied the car carrier industry and the levels of force required to operate rigs. Defendant's motion to strike based upon Dr. Micklow's qualifications will be overruled.

     **2.   Methodology**

Defendant next challenges the methodology that Dr. Micklow utilized in formulating his opinions regarding the manual force required to operate Cottrell's rear skids. Defendant asserts that Dr. Micklow's testimony is based on sheer speculation and unfounded conjecture. To the contrary, the Court finds that Dr. Micklow's opinions are based upon several acceptable sources, including the Human Factors Task Force documents, the Worker's Compensation Task Force documents, reports and studies by other experts, injury reports, his own research in ergonomics and the biomechanics of car-hauling rigs. He also reviewed documents produced in litigation.

Defendant attacks Dr. Micklow's inability to identify the particular source of the obstruction that caused the skid to jam in this instance. This issue is related to the weight to be given to Dr. Micklow's testimony, and thus is properly within the province of the jury. Defendant also makes much of the fact that Dr. Micklow did not inspect the specific trailer at issue. Dr. Micklow requested an opportunity to do so, but that request was not

accommodated.³  As his deposition testimony makes clear, Dr. Micklow has inspected other manual rigs.  Defendant's motion to strike Dr. Micklow based upon his methodology will be overruled.

**B.   Dr. Micklow's opinion regarding hydraulic skids**

Dr. Micklow identifies fully hydraulic skids as a superior alternative to the manual skids defendant manufactures.  Defendant asserts that Dr. Micklow's opinion does not satisfy the first Duabert factor because he has never designed a fully hydraulic system.

The first factor enunciated under Daubert requires the Court to consider "whether the methodology can or has been tested." Daubert, 509 U.S. at 593, 594.  The Court finds that Daubert does not require that Dr. Micklow have designed a fully hydraulic system.  In this case, Dr. Micklow identified hydraulic systems in use in the car hauling industry and plaintiff testified that he previously operated a hydraulic system.  Defendant's motion to strike Dr. Micklow's testimony on hydraulic systems will be denied.

In conclusion, the Court finds that Dr. Micklow is qualified by knowledge, experience and education to offer an expert opinion on the design issues in this case.  It is also likely that his

---

³Plaintiffs initially designated Linda Weseman as their expert witness.  Her professional obligations to a Cottrell competitor prevent her from testifying fully about the bases of her expert opinions in this case and the Court barred her from testifying. Ms. Weseman was also barred in Eubanks v. Cottrell, No. 4:05-CV-1361 (JCH).  Plaintiffs in both cases retained Dr. Micklow very late in the litigation.

specialized knowledge will assist the trier of fact to understand an issue or determine a fact in issue.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike plaintiffs' expert Dr. Micklow [Doc. # 126] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment based on lack of an expert [Doc. #134] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike defendant's reply in support of motion to strike [Doc. #136] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2007.