```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

LOWERY GRAY, et al.,           )
                               )
          Plaintiffs,          )
                               )
     vs.                       )     No. 4:05-CV-1852 (CEJ)
                               )
COTTRELL, INC.,                )
                               )
          Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment on liability. Plaintiff has filed a memorandum in opposition to the motion and the issues are fully briefed. Plaintiff Lowery Gray[1] filed this product liability action after he sustained an injury while operating an auto-hauling rig manufactured by defendant Cottrell, Inc. He alleges that the rig was in a defective condition and that it lacked adequate warnings. He seeks recovery based on theories of strict liability, negligence, and breach of implied warranty of fitness. He also alleges that defendant knew of or consciously disregarded reports of similar injuries and seeks punitive damages. Defendant moves for summary judgment, arguing that Gray has provided no evidence that a defect in the rig caused his injury or that the rig was in the same condition as when it left defendant's possession.

### I. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, deposi-

---

[1] Deborah Gray is also a party to this action and brings a claim for loss of consortium. For purposes of this discussion, references to the plaintiff refer to Lowery Gray.

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**II.  Background**

Plaintiff Gray was operating a 2001 Cottrell Model CS-6V rig at the time of his injury.  In order to load or unload vehicles from the rig, the operator manually deploys aluminum ramps, also known as

skids, from the rear of the trailer.  The skids are partially extended from the rig hydraulically; the operator then uses a tie-down bar[2] to fully extend the skids on roller bearings.  At the end of the loading or unloading process, the operator inserts the tie-down bar into a hole at the end of the skid and walks the skid back into the housing for transport.

Gray was injured on the final stop of his shift on June 25, 2003.  After he offloaded the last vehicles from his rig, he returned the skids to the housing.  He testified that the second skid "hung up" on an obstruction as he was walking it back. Gray testified: "it felt like somebody hit me right in the center part of the . . . lower part of the back with a sledgehammer or ax.  I got sick at my stomach.  I had to sit down on the side of the trailer" for about fifteen minutes.  He then completed returning the skid by using the tie-down bar to "pry" the skid "back out a little bit."  He moved the skid back and forth a bit to clear the skid.  He testified that he heard something that sounded like gravel fall out of the skid and hit the bar underneath.

Plaintiff submits the deposition of Gary Page, vice president of maintenance and equipment for plaintiff's employer, Jack Cooper Transport.  Page testified that the aluminum skids can bend under the weight of the vehicles driven onto the rig.  He also stated that, in his experience, the skids frequently crack and require welding. With regard to the skids at issue here, Page testified that maintenance

---

[2]The tie-down bar is a rounded metal rod, 34- to 38-inches long, with an angle close to the end.

requests were made on June 2, June 3, June 9, June 11, June 12, June 16, June 22, and June 25, 2003; immediately following the accident, three hours were spent on repairing or replacing the skids. Although the records do not describe the repair that was done, Page testified that a repair requiring three hours could have involved welding a cracked skid, replacing the skid altogether, or cleaning out road debris. According to Page, there is an "inherent problem" in that road debris gets "kicked up" at the rear of the trailer where the skids are located.

Plaintiff's expert, Gerald Micklow, Ph.D., testified that, from the perspective of mechanical engineering, the Cottrell rig is unreasonably dangerous because (1) the skids are not fully enclosed and are therefore susceptible to damage or debris that causes jamming and (2) the skids require the operators to exert manual force in order to extend and retract them. When the skids bind or jam, the operator experiences a "task overstrain" that causes injury.

### III. Discussion

The parties agree that Missouri law governs in this diversity action. Proof of causation is a required element of each of plaintiff's product liability and failure-to-warn claims under theories of strict liability, negligence, and implied warranty theories. Church v. Martin-Baker Aircraft Co., Ltd., 643 F.Supp. 499, 504 (E.D. Mo. 1986), citing Laney v. Coleman Co., 758 F.2d 1299, 1301-02 (8th Cir. 1985); Ragland Mills, Inc. v. General Motors Corp., 763 S.W.2d 357, 360 (Mo. Ct. App. 1989). In order to prevail on causation, plaintiff must prove by a preponderance of the evidence

that the claimed defect was the proximate cause of his injury. Church, 643 F.Supp. at 504. Stated another way, plaintiff must show that it is more probable than not that his injury was caused by a design defect. Id. Plaintiff's burden may be met with circumstantial evidence; however, he "must remove the case from the field of conjecture and establish it by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence." Aetna Casualty & Surety Co. v. General Electric Co., 758 F.2d 319, 321-22 (8th Cir. 1985). "[T]he circumstances proved must point reasonably to the desired conclusion and tend to exclude any other reasonable conclusion." Id. at 322, quoting Weatherford v. H.K. Porter, Inc., 560 S.W.2d 31, 34 (Mo. Ct. App. 1977).

Defendant argues that it is entitled to summary judgment because plaintiff has failed to identify a particular defect that caused his injury. The Court disagrees – plaintiff has presented evidence that (1) the design of the rig allows debris to infiltrate the skids, (2) the skid "hung up" as plaintiff was retracting it, and (3) plaintiff heard something fall from the skid when he undertook to clear the skid. A jury could conclude from such evidence that plaintiff's injury was caused by a defect in the rig. Defendant next contends that plaintiff's claims fail because he has not produced evidence that the skids were in the same condition as when they left its control. Defendant points out that the uncontroverted evidence establishes that the skids in question were repaired multiple times. Under Missouri law, however, subsequent changes or alterations in a product do not relieve the manufacturer of strict

liability if the changes were foreseeable and did not render the product unsafe. Gabler v. Robbins & Myers, Inc., 895 S.W.2d 79, 81 (Mo. Ct. App. 1995). Defendant does not address plaintiff's contention that any repairs were necessitated by the alleged design defect.

Defendant argues that it is entitled to summary judgment on plaintiff's failure-to-warn claims because plaintiff's expert expressed no opinion regarding warnings. The Missouri Supreme Court has declined to adopt a rule requiring expert testimony in order to make a submissible case in failure to warn cases. Tune v. Synergy Gas Corp., 883 S.W.2d 10, 14 (Mo. 1994) (*en banc*).

Defendant's challenge to claim for loss of consortium is entirely dependent upon the success of the arguments discussed above. Because defendant is not entitled to summary judgment on Gray's claims, it is also not entitled to summary judgment on the loss of consortium claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #131] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2007.