UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOWERY GRAY AND DEBORAH GRAY,  )
                               )
            Plaintiffs,        )
                               )
       vs.                     )    No. 4:05-CV-1852 (CEJ)
                               )
COTTRELL, INC.,                )
                               )
            Defendant.         )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment on plaintiff Lowery Gray's claim for punitive damages. Plaintiff has filed an opposition to the motion and the issues are fully briefed.

Plaintiff Lowery Gray[1] filed this product liability action after he sustained an injury while operating an auto-hauling rig manufactured by defendant Cottrell, Inc. He alleges that the rig was in a defective condition and that it lacked adequate warnings. He seeks recovery based on theories of strict liability, negligence, and breach of implied warranty of fitness. He also alleges that defendant knew of or consciously disregarded reports of similar injuries and seeks punitive damages. Defendant moves for summary judgment, arguing that plaintiff has provided no evidence that defendant acted with malice or consciously disregarded any defects.

**I.   Legal Standard**

---

[1] Deborah Gray is also a party to this action and brings a claim for loss of consortium. For purposes of this discussion, references to the plaintiff refer to Mr. Gray.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**II. Discussion**

The parties are in agreement that Missouri law governs this diversity action because Mr. Gray's injury occurred here and plaintiffs are citizens of Missouri. "Whether there is sufficient evidence for an award of punitive damages is a question of law." Brady v. Curators of the University of Missouri, 213 S.W.3d 101, 109 (Mo. Ct. App. 2006), citing Hoyt v. G.E. Capital Mortgage Servs., Inc., 193 S.W.3d 315, 322 (Mo. Ct. App. 2006). Courts view the evidence and all reasonable inferences in the light most favorable to submissibility. Id. "A submissible case is made if the evidence and the inferences drawn therefrom are sufficient to permit a reasonable juror to conclude that the plaintiff established with convincing clarity – that is, that it was highly probable – that the defendant's conduct was outrageous because of evil motive or reckless indifference." Id.

In product liability cases, "[b]oth strict liability and negligence theories require evidence 'that the defendant showed a complete indifference to or conscious disregard for the safety of others." Peters v. General Motors Corp., 200 S.W.3d 1, 24 (Mo. Ct. App. 2006), quoting Letz v. Turbomeca Engine Corp., 975 S.W.2d 155, 164-65 (Mo. Ct. App. 1997). Evil motive or reckless indifference must be proven by clear and convincing evidence. Peters, 200 S.W.3d at 24-25. To satisfy the clear and convincing standard, plaintiff's evidence "must show that the defendant either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury." Id. at 25,

quoting Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 160 (Mo. 2000) (*en banc*).

Defendant cited no evidence in support of its contention that there is not a submissible case on punitive damages. Plaintiff argues that defendant has thus failed to meet its initial burden on summary judgment and has declined to identify evidence which he believes would support a conclusion that the defendant "either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury." However, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Citrate, 477 U.S. 317, 325 (1986). Defendant satisfied its initial burden and it was thus incumbent upon plaintiff to come forward with evidence in support of his claim for punitive damages. He has not done so and cannot defeat defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment on plaintiff's prayer for punitive damages [Doc. #133] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2007.